09-2813-ag
Zhang v. Holder

BIA
Mulligan, IJ
A099-934-739

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

PRESENT:
RALPH K. WINTER,
ROBERT A. KATZMANN,
PETER W. HALL,
*Circuit Judges*.

_____

WEI WU ZHANG,
*Petitioner*,

v.                                          09-2813-ag
                                            NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
*Respondent*.

_____

FOR PETITIONER:         Sheema Chaudhry, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General, John S. Hogan, Senior
                        Litigation Counsel, David H.
                        Wetmore, Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Wei Wu Zhang, a native and citizen of the People's Republic of China, seeks review of a June 12, 2009 order of the BIA affirming the November 29, 2007 decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhang*, No. A099 934 739 (B.I.A. June 12, 2009), *aff'g* No. A099 934 739 (Immig. Ct. N.Y. City Nov. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. As the IJ found, Zhang's asylum application stated that he entered the United States on May 19, 2006. However, before ultimately testifying that he arrived on that date, Zhang provided conflicting dates, including September 2006, July 2006, and May 9. The agency properly relied on this inconsistency in finding Zhang not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). To the extent that Zhang argues that the IJ failed to provide him an opportunity to explain that discrepancy, there is no merit to that claim, as (1) the inconsistent statement was made in response to a question posed by his own attorney; and (2) the IJ's adverse credibility determination did not rest on that inconsistency alone. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006).

The IJ also reasonably found that Zhang's demeanor detracted from his credibility. In particular, the IJ found that despite his detailed asylum application, Zhang was vague in his testimony regarding the most basic aspects of his claim. Additionally, the IJ observed numerous long delays in his responses. We accord particular deference to such assessments of an applicant's demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

Accordingly, considering the totality of the circumstances and all relevant factors, the IJ's adverse credibility

2

determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the only evidence of a threat to Zhang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3